**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAIME ENRIQUE MENDEZ-RANGEL,<br>Petitioner,<br>v.<br>JASON BENZEL, *et al.*,<br>Respondents. | Civil Action No. 26-5682 (BRM)<br><br>**MEMORANDUM AND ORDER** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Jaime Enrique Mendez-Rangel's ("Petitioner") Motions for Enforcement and Release. (ECF Nos. 13, 15, and 17.) On June 1, 2026, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing that he is unlawfully detained. (ECF No. 1.) On July 16, 2026, following an answer from the Government, the Court issued a Text Order finding Petitioner could not be mandatorily detained under 8 U.S.C. § 1225 and noting that Petitioner had been arrested in May 2026 for obstruction and resisting arrest. (ECF No. 11.) The Court ordered Respondents to treat Petitioner as detained under 28 U.S.C. § 1226(a) and to provide him with an individualized bond hearing before and Immigration Judge. (*Id.*) On July 13, 2026, Petitioner filed his first Motion to Enforce and for release arguing that he did not receive the Court ordered bond hearing. (ECF No. 13.) The Court ordered a response from Respondents. (ECF No. 14.)

On July 31, 2026, Petitioner filed his second Motion for Release, acknowledging that he received the Court ordered bond hearing and had been granted voluntary departure. (ECF No. 15.) On the same day, Respondents filed a letter response, noting that Petitioner had been granted voluntary departure and requesting the Court lift its Order enjoining Respondents from transferring

Petitioner from New Jersey. (ECF No. 16.) On August 14, 2026, Petitioner filed his Third Motion for Release. (ECF No. 17.)

On July 15, 2026, the Immigration Court issued an Order granting the Motion for Voluntary Departure. (ECF No. 16-1.) The Order requires Petitioner to depart by August 17, 2026. (*Id.*)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

The Immigration Court granted his Motion for Voluntary Departure under safeguards. (ECF No. 16-1.) The phrase voluntary departure "under safeguards" appears to refer to the procedure involving an alien's detention until departure. *See also Matter of M-A-S-*, 24 I. & N. Dec. 762, 766 (BIA 2009) (stating that "the term 'voluntary departure with safeguards' is commonly used to characterize the requirement that an alien remain in custody until he or she departs from the United States"); *Hernandez v. Warden, Eden Det. Ctr.*, No. 6:26-CV-00053-H, 2026 WL 593532, at *4 (N.D. Tex. Mar. 3, 2026); *El Badrawi v. United States*, 787 F. Supp. 2d 204, 231–32 (D. Conn. 2011). Pursuant to 8 C.F.R. § 240.25(b), the granting of voluntary departure may include the attachment of "any conditions [deemed] necessary to ensure the alien's timely

departure from the United States, including the posting of a bond, *continued detention pending departure*, and removal under safeguards." 8 C.F.R. § 240.25(b) (emphasis added). Additionally, an immigration judge "may impose such conditions as he or she deems necessary to ensure the alien's timely departure from the United States." 8 C.F.R. § 1240.26(b)(3)(i).

Petitioner is now subject to voluntary departure under safeguards and thus no longer detained under 8 U.S.C. § 1225(b) and is instead detained under the provisions of his voluntary departure. As such, Petitioner's Motions for Release are denied without prejudice. Accordingly,

**IT IS** on this 15th day of August 2026,

**ORDERED** that the Motions (ECF Nos. 13, 15, 17) are **DENIED without prejudice**; it is further

**ORDERED** that the restrictions on Respondents transferring Petitioner from New Jersey are lifted; it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. Mail and upon Respondents electronically.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**